## T. E. COOKE ET AL. v. JOHN F. CHINN.

**Sheriffs and Constables—Proceeding Against Constable—Disposition of Fund.**

A creditor has no right to resort to an action for damages against a constable for not disposing of a fund which was already in the court or under the court's control, until some final action is had, since the creditor has his remedy by rule against the officer, or by excepting to his report.

### APPEAL FROM SHELBY CIRCUIT COURT.

November 1, 1873.

OPINION BY JUDGE PRYOR:

The court below had no power to sell the property owned by the appellee and exempt from sale under execution or attachment. The order directed the constable to sell only so much of the corn as was not within the exemption. This property was under the control of the court, and as far as the record shows, the action of the constable in setting apart the 60 barrels of corn may have been sanctioned. The appellants have no right to resort to this action to recover damages of the officer in not disposing of a fund already in court or under the control of the court, until some final action was had. When the constable made his report, if approved, and we have no right to say it was not, this released him from all liability to the creditor by reason of any collateral proceeding against him. The appellant had his remedy by rule against the officer, or by excepting to his report, and having another order of sale or some such final disposition of the case as fixed the officer's liability. This is an action in the Shelby Circuit Court to make the constable liable for not complying with an order of the Shelby Quarterly Court, made in an action still pending, without any allegation show-

ing that the constable, who for the time being was the commissioner of that court, had failed to make such a report of his action as met the approval of the court having alone the jurisdition to dispose of the property in controversy.

Judgment affirmed.

*Robert, for appellants.*

*G. N. Robinson, for appellee.*

